UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTOS VALENTIN
BETANCOURTH-MARTELL,

      Plaintiff,

                                        CASE NO. 1:26-cv-1255

v.

                                        HON. ROBERT J. JONKER

MARKWAYNE MULLIN et al.,

      Defendants.

_____/

## ORDER

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention. According to the petition, Petitioner is a native and citizen of Honduras. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 4-1, PageID.49.) Petitioner entered the United States on or about August 7, 2013, at or near Eagle Pass, Texas, without inspection. (Pet., ECF No. 1, PageID.2; NTA, ECF No. 4-1, PageID.49.)

The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-1, PageID.49.) Petitioner was then released from custody on a $3,500.00 bond under the process specified in 8 C.F.R. § 236. (2013 Bond Order, ECF No. 4-2, PageID.52.)

On August 14, 2022, Petitioner was arrested for domestic violence. (2026 Form I-213, ECF No. 4-3, PageID.55.) On December 5, 2022, Petitioner was arrested for aggravated assault.

(*Id.*)  Although the charges for both arrests were eventually dismissed, the arrests provided DHS with a basis for determining that Petitioner was in violation of the terms of his release.  (*Id.*)  On February 23, 2026, ICE agents arrested Petitioner. (*Id.*)

In his petition, Petitioner challenges the lawfulness of his current detention and asks the Court to accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to either release Petitioner or to conduct a bond hearing.  (Pet., ECF No. 1, PageID.3.)  In an order entered on April 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted.  (Order, ECF No. 3.)  Respondents filed their response on April 23, 2026. (ECF No. 4.)  However, like the original petition, the response did not directly address some of the unique aspects of this case about which the Court has further questions.

Therefore, the Court orders the parties to submit supplemental briefs addressing the following questions:

1.      What is the significance of the fact that Petitioner was already released on terms of a prior bond when he was arrested in 2022?

2.      Did Petitioner's conduct in 2022 violate the terms of his prior bond?  And if so, has Petitioner's prior bond already been revoked?

3.      Assuming for the sake of argument that the Court disagrees with Respondent's position that 8 U.S.C. § 1225(b)(2) governs Petitioner's detention,[1] does that mean that the Court must order Respondents to grant Petitioner a bond hearing under 8 U.S.C. § 1226(a),

---

[1] In a number of cases, the Court has consistently rejected Respondents' position regarding which provision governs the detention of noncitizens who are already present within the United States at the time of their arrest by immigration officials. *See, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

even when Petitioner was already released on bond once under this provision and then arrested on unrelated criminal charges while on bond?  Or does the fact that Petitioner likely violated the terms of his prior bond alter the analysis?

4.      Are the parties able to direct the Court's attention to any other cases in which a noncitizen was ordered released on bond, subsequently violated the conditions of release, and then requested a second bond hearing under 8 U.S.C. § 1226(a)?

The parties may address any other issues they wish to address, but the Court expects answers to these questions at a minimum.  Both parties' briefs are due no later than **Friday, May 15, 2026**.

**IT IS SO ORDERED.**

Dated:   May 4, 2026                                      /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE

3